# IN THE UNITED STATES BANKRUPTY COURT
# FOR THE DISTRICT OF DELAWARE

| IN RE: | : | |
| --- | --- | --- |
| | : | CHAPTER 7 |
| PHOENIX LASER SYSTEMS, INC., | : | |
| | : | CASE NO. 95-1576 (PJW) |
| Debtor. | : | |
| | : | |

## APPLICATION TO PAY COMBINED UNCLAIMED CHECK INTO THE COURT

JEOFFREY L. BURTCH, Chapter 7 Trustee, respectfully represents as follows:

1. The Debtor's Chapter 7 case was filed on December 4, 1995.

2. I was appointed Chapter 7 Bankruptcy Trustee on December 7, 1995.

3. The following Creditor's disbursement was made and returned twice as undeliverable.

4. The Trustee has exhausted every method of locating said creditor, including but not limited to internet based research, phone and email contact with last known attorneys for the creditor, debtor's counsel, the services of a collections expert, and US Trustee resources, and has been unsuccessful in locating a successor to the attached Exhibit A allowed funds.

5. Check number 163 was made payable to Restorr Technology and provided a pro-rata distribution of $94.38 on their claim number 2. Internet based research found that this is an inactive company acquired by The Cerplex Group in 1993. However, as this claim was filed in 1996, three years after said acquisition, the Trustee could not determine whether these funds rightfully belong to The Cerplex Group. It should be noted that The Cerplex Group filed for protection under Title 11 Chapter 11 of the US Bankruptcy Code on June 20, 2000, was converted to Chapter 7 on February 6, 2001 and that I was subsequently appointed Trustee.

6. Check number 180 was made payable to Frederick C. Phillips and provided a pro-rata distribution of $200.06 on his claim number 23. The Trustee was able to locate an

attorney by this name in San Diego, CA. However, after numerous phone messages and emails, which were never returned and for which the Trustee received no response, he was unable to determine if the Frederick C. Phillips he had located was the same as the creditor.

7. Check number 185 was made payable to Sailfin Limited and provided a pro-rata distribution of $138,795.96 on their claim number 38. In addition to pursuing internet based research and requesting the assistance of the US Trustee, the Trustee contacted the law offices of Saiao, Wen & Leung in Hong Kong, which he believed was counsel for the creditor. The Trustee received a response from Mr. Anthony Leung, a senior partner of the firm, in which Mr. Leung indicated that his firm had no record of representing the creditor, that the creditor was apparently not a Hong Kong registered company, and that Mr. Thomas Szeto, to whom the check was made "in care of" was no longer a member of the firm. Additionally, Mr. Leung indicated that he had contacted Mr. Szeto and that he also had no recollection of the creditor. Several attempts to contact Mr. Szeto were made, however the Trustee received no response. A copy of an email from Mr. Anthony Leung is attached as Exhibit B.

8. Check number 192 was made payable to the Committee for New Management and provided a pro-rata distribution of $256,772.53 on their claim number 63. In addition to pursuing internet based research and requesting the assistance of the US Trustee, the Trustee was able to locate a Mr. Sun Sun Chan, to whom the check was made "in care of" through his existing company Sun Sun Chan Financial in Hong Kong. However, the Trustee never received a response to numerous phone calls, emails, and written correspondence asking for information about this creditor. Copies of letters mailed to Mr. Sun Sun Chan at his business and home addresses are attached as Exhibit C.

9. Additionally, as indicated above, the Trustee contacted the Office of the United States Trustee asking for their assistance in locating the creditors listed on Exhibit A. The US Trustee was unsuccessful in locating the creditors. A copy of the US Trustee's response to the Trustee's request is attached as Exhibit D.

10. The Balance indicated on Exhibit A represents returned funds for which the Trustee requests permission to pay into the Court.

11. The Estate has earned de minimis bank interest in the amount of $72.13 ("Interest"). As the outstanding claims in this case total more than $4.3 million and under FRBP 3010, all dividends of less than $5.00 must be turned over to the Clerk of the Bankruptcy Court, the Trustee requests permission to pay the Interest into the Court.

WHEREFORE, JEOFFREY L. BURTCH, Chapter 7 Trustee, respectfully requests that the Court permit the Estate's funds of $395,935.06, be paid to the Clerk for deposit to the Treasury.

Dated: May _____, 2008

*/s/ JEOFFREY L. BURTCH*
Jeoffrey L. Burtch, Chapter 7 Trustee
824 N. Market St., Suite 1000
Wilmington, DE 19801
302/984-3800 Telephone
302-984-3838 Facsimile